THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LYSNER VALCIN,
et al.,

    Plaintiffs,

v.                                         CASE NO. 1:10-cv-00096-SPM-GRJ

STEVEN DAVIS FARMS, LLC,
and STEVEN DAVIS,

    Defendants.
_____/

# O R D E R

The matter is before the Court on (1) Plaintiffs' First Motion To Compel Production of Documents (Doc. 36) and (2) Plaintiffs' Amended Motion For Sanctions For Failure To Comply With A Court Order. (Doc. 38.) Defendants have responded to each motion (Docs. 42 & 43) and, accordingly, each motion is ripe for consideration. For the reasons discussed below Plaintiffs' motions are due to be **DENIED**.

## DISCUSSION

In Plaintiffs' First Motion To Compel Production of Documents (Doc. 36), Plaintiffs request the Court to enter an order requiring Defendant Steven Davis to provide initial disclosures and to respond to Plaintiffs' request for production of documents. The parties agreed at their Rule 26(f) conference to exchange Rule 26(a)(1) initial disclosures on or before October 20, 2010. (Doc. 21.) Despite several letters and emails to Defendant Steven Davis, Plaintiffs did not receive initial disclosures from Mr. Davis. Plaintiffs eventually filed a motion on December 2, 2010 requesting the Court to compel Mr. Davis to provide his initial disclosures. Plaintiffs

also requested the Court to impose sanctions against Mr. Davis for his failure to provide those disclosures. (Doc. 24.) This Court granted Plaintiffs' motion and ordered Mr Davis to provide the initial disclosures by January 7, 2011 and to pay Plaintiffs $350.00 as sanctions. (Doc. 26.)

Although Mr. Davis paid the $350.00 in sanctions on January 11, 2011, Plaintiffs represent that on February 17, 2011 – the date Plaintiffs filed their motion – Mr. Davis still has not provided the initial disclosures. Plaintiffs also represent that Mr. Davis also has failed to respond to Plaintiffs' December 14, 2010 request for production.

In their Response Defendants advise that on February 23, 2011 they provided to Plaintiffs' counsel the initial disclosures and that on March 2, 2011 they provided to Plaintiffs' counsel all documents responsive to Plaintiffs' request for production. (Docs. 42 & 43.) Accordingly, because the initial disclosures have been provided and Defendants have produced responsive documents, Plaintiffs' motion to compel is due to be denied as moot.

Plaintiffs have also requested an award of reasonable attorney's fees. Rule 37(a)(5) provides that "if the disclosure or requested discovery is provided after the motion was filed – the court must ... require the party ... whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, where the court finds that the "opposing party's nondisclosure ... was substantially justified" or finds that "other circumstances make an award of expenses unjust" the Court must not order the payment of attorney's fees.

Although Defendants provided the initial disclosures and produced the documents in response to Plaintiffs' request for production after the motion to compel

was filed, the Court declines to award attorney's fees because an award in this case would be unjust. A second amended complaint was filed on February 17, 2011, which made material changes to the claims in this case. Further, because the case involves approximately 41 plaintiffs, all of whom were migrant farm workers, Defendants have had difficulty identifying which Plaintiffs worked on the farm for which Defendant would have documents and which Plaintiffs did not work on Defendant's farm. While the better course of action would have been for Defendant to file a motion for extension of time so that the relevant documents and information could be located and obtained – rather than forcing Plaintiffs to file a motion to compel – the Court finds there is a sufficient reason in this instance to deny the request for attorney's fees. Accordingly, Plaintiffs' request for an award of attorney's fees in its motion to compel is due to be denied.

In Plaintiffs' Amended Motion For Sanctions For Failure To Comply With A Court Order (Doc. 38), Plaintiffs also have requested in their Amended Motion for Sanctions (Doc. 38) that the Court enter a default judgment against Defendant Steven Davis as a sanction for his failure to produce the requested initial disclosures in accordance with this Court's December 29, 2010 Order.

The law in the Eleventh Circuit is well defined regarding when it is appropriate to enter a default judgment for a discovery violation. The entry of a default judgment is a drastic measure that should be employed only "as a last resort when less drastic sanctions would not ensure compliance with a court order." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993). The Defendants have now complied with their discovery obligations – albeit belatedly – and accordingly the entry of a default judgment as a sanction would be wholly inappropriate under these circumstances.

Accordingly, Plaintiff's request for the entry of a default judgment in their Amended Motion for Sanctions is due to be denied.

Upon due consideration, it is therefore **ORDERED** that:

1. Plaintiffs' First Motion To Compel Production of Documents (Doc. 36) is **DENIED**.

2. Plaintiffs' Amended Motion For Sanctions For Failure To Comply With A Court Order (Doc. 38) is **DENIED**.

**DONE AND ORDERED** this 11th day of March, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge