IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MANOUCHE SEJOUR et al.,

    Plaintiffs,

v.                                      CASE NO.: 1:10cv96-SPM/GRJ

STEVEN DAVIS, et al.,

    Defendants.
_____/

## ORDER

This cause comes before the Court upon Defendants' Motion for Summary Judgment (doc. 136) and Plaintiff's response (doc. 149). For the reasons stated below, the motion will be denied.

### Legal Standard and Analysis

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is "material" if it might affect the outcome of the case under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmovant. Id. It is only when the material facts are so clear that they can reasonably be resolved only in favor of the movant that summary judgment is

appropriate.  Id. at 248-51.  If the material facts can be resolved in favor of either party, then the case must proceed to trial.  Id.

The initial burden is on the movant to show that there are no genuine issues of material fact to be determined at trial.  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000).  In assessing whether this burden has been met, the court views the evidence and all factual inferences in the light most favorable to the nonmovant, and resolves all reasonable doubts about the facts in favor of the nonmovant.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

If the movant has satisfied its initial burden, the burden shifts to the nonmovant who must show "that summary judgment would be inappropriate because there exists a material issue of fact."  Mullins, 228 F.3d at 1313.  The burden can be met by presenting enough evidence to show that a reasonable finder of fact could find for the nonmovant.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  The nonmovant must present more than a scintilla of evidence in support of its position.  Anderson, 477 U.S. at 254.  The basic inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251.  "Even in cases where the movant has technically discharged his burden, the trial court in the exercise of a sound discretion may decline to grant summary judgment."  Nat'l Screen Serv. Corp. v. Poster Exch., Inc., 305 F.2d 647, 651 (5th Cir. 1962).

Defendants have moved for summary judgment against the following Plaintiffs: Marie Faustin Almonor, Dalestine Cherefant, Andre Jean-Baptiste, Mimose Vincent, Iclercia St. Juste, and Juslaine Cherelus.  The basis for Defendants' motion is that these Plaintiffs' deposition testimony directly contradicts many of the allegations contained in the Third Amended Complaint.  First, it is important to note that the contradictory statements Defendants rely on only go to claims under 29 U.S.C. §§ 1822(c) and 1823(a), regarding field sanitation and housing conditions.  There are a number of other claims by these Plaintiffs.  As a result, there is no basis for granting summary judgment as to all of these Plaintiffs' claims.  Second, even considering the "contradictory statements" from the depositions, there is no basis for granting summary judgment as to all claims regarding housing conditions and field sanitation.  Defendants have not set forth evidence to establish that all of these Plaintiffs have made statements to contradict every basis for their claims regarding housing and field sanitation.

Defendants then argue that at the very least, partial summary judgment should be granted as to the allegations of these Plaintiffs which their deposition testimony refutes.  Plaintiffs' response to the motion for summary judgment suggests that Plaintiffs were reluctant to complain about Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act because at the time of the depositions, Plaintiffs were employed by Defendants' and residing in Steven Davis' migrant labor camp.  In fact, with respect to at least one of these

Plaintiffs, there is a signed declaration indicating that at the time of the deposition, Plaintiff was still working for Defendants and living in one of the trailers provided by the employer.  Therefore, this Plaintiff indicates that he/she was frightened about raising all concerns regarding employment with Defendants during the deposition for fear of being fired and evicted.  This alone raises issues of material fact that would preclude summary judgment with respect to this Plaintiff.  Defendants can easily use the deposition testimony to impeach the witnesses at trial, and place their credibility in doubt.

Further, there is no gainful result in piecemeal adjudication of these particular issues.  Even if the Court were to grant partial summary judgment on the specific allegations at issue, there is no indication that there will be no need for testimony on these topics due to the fact that other Plaintiffs have brought claims based on the same facts.  Adequate relief in narrowing the issues may be obtained through the pretrial process, such as entering into stipulations as to certain facts.  This Court declines to substitute summary judgment for that process.  Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion for Summary Judgment (doc. 136) is **denied**.

DONE AND ORDERED this 30th day of July, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge